# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JIMMY DEAN McCORMICK,** | |
| Plaintiff, | Case No. 7:17CV00487 |
| v. | **OPINION** |
| **MELANIE B. MENEFEE, ET AL.,** | By: James P. Jones <br> United States District Judge |
| Defendants. | |

*Jimmy Dean McCormick, Pro Se Plaintiff.*

Plaintiff Jimmy Dean McCormick, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that his sentence is unreasonable and his attorney abandoned him on appeal. After review of the record, I conclude that the Complaint must be construed as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 and summarily dismissed without prejudice for failure to exhaust available state court remedies.[1]

I.

The Complaint, its attachments, and state court records online indicate that in 2016, Judge Vanover of the Dickenson County Circuit Court revoked

---

[1] Rule 4 of the Rules Governing Section 2254 Cases authorizes summarily dismissing a habeas corpus action if it is clear that the petitioner is not entitled to relief. Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

McCormick's probation in July 2016 and ultimately sentenced him to sixteen years in prison in Case No. CR10000196-01. McCormick was also charged with a felony offense of perjury in July 2016 in Case No. CR16000416-00. He pleaded guilty to that charge in January 2017 and was sentenced to five years in prison. His attorney of record in both cases was Melanie B. Menefee.[2] A notice of appeal was filed in Case No. CR10000196-01, and the electronic record was submitted to the Court of Appeals of Virginia, Record No. 1821-16-3; because no Petition of Appeal was filed, the appeal was dismissed by order dated June 26, 2017. *See* Compl. Attach. 8, ECF No. 1-1. Proceeding pro se, McCormick has filed two habeas corpus petitions in the circuit court that are currently pending, Case No. CL17000082-00 and Case No. CL17000260-00, naming as respondents Menefee and Dickenson County Court, respectively.

McCormick also filed this § 1983 action naming Menafee and Dickenson County Court as defendants. Liberally construing his sparse allegations, he contends: (1) At a court proceeding in January 2017, Menafee promised to consult with McCormick about his appeal, but failed to do so, and the appeal was dismissed because paperwork was never filed; and (2) Judge Vanover unreasonably sentenced McCormick to sixteen years, although the sentencing

---

[2] McCormick's Complaint misspells Ms. Menefee's first name as "Melaine," but the court has used the spelling of her name used in state court documents attached to his pleading.

guidelines called for six months or less. As relief in this lawsuit, McCormick seeks reconsideration of his sentence.

II.

"Section 1983 of Title 42 creates a cause of action against any person who, acting under color of state law, abridges a right arising under the Constitution or laws of the United States." *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). When an inmate seeks to challenge the fact or duration of his detention based on federal constitutional grounds, however, a civil rights complaint under § 1983 is not the proper legal remedy. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). An inmate may raise such challenges only by filing a petition for a writ of habeas corpus, after first exhausting available state court remedies. *Id.*; *see also* 28 U.S.C. § 2254(b) (regarding exhaustion requirement).

A district court is not constrained by a litigant's style of pleading and may liberally construe a civil rights complaint as a habeas petition under § 2254. *Hamlin v. Warren*, 664 F.2d 29, 30 (4th Cir. 1981). To determine whether an action is properly considered a habeas corpus petition, rather than a civil rights complaint under § 1983, a court must consider whether the "core" of the litigant's claim concerns the fact and/or duration of the litigant's confinement. *Preiser*, 411 U.S. at 487-89.

McCormick claims that the judge imposed an improper sentence after revoking his probation, and his attorney abandoned his appeal of that sentence. Based on these alleged wrongdoings, McCormick seeks reconsideration of his sentence. Because he is clearly contesting the length of his confinement in the Virginia prison system, his claims are not cognizable under § 1983. *Id.* at 500. Rather, the appropriate federal cause of action in which to pursue such claims is a habeas corpus petition under 28 U.S.C. § 2254. *Id.* Therefore, I conclude that McCormick's pleading is appropriately construed as a Petition for a Writ of Habeas Corpus under § 2254.[3]

A federal court cannot grant habeas relief under § 2254 unless the petitioner has exhausted the remedies available in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). If the petitioner clearly has available state court remedies remaining, the federal court must dismiss the § 2254 petition without prejudice to allow him to utilize those remedies. *Slayton v. Smith*, 404 U.S. 53, 54 (1971).

McCormick presently has habeas corpus proceedings in progress in the Dickenson County Circuit Court. If he is unsatisfied with that court's rulings, he may appeal those rulings to the Supreme Court of Virginia. *See* Va. Code Ann. §§

---

[3] McCormick also complains that Judge Vanover refused to appoint him an attorney for the state court habeas action he filed about Menafee's abandonment of his appeal. As relief on this claim, he seeks appointment of such counsel. "There is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Thus, any claim concerning appointment of such counsel must be summarily dismissed as without merit.

8.01-654(A)(1), 17.1-406(B).  Because McCormick clearly has not yet exhausted available state court remedies, I conclude that I must summarily dismiss the petition without prejudice to allow him to pursue his claims first in state court.

A separate Final Order will be entered herewith.

DATED: November 1, 2017

/s/ James P. Jones
United States District Judge